IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA ROBBINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GREYHOUND LINES, INC. | : | NO. 08-2724 |
| Defendant. | : | |

**MEMORANDUM**

Baylson, J.                                                                                           October 7, 2008

**I.      Introduction**

Plaintiff, Anita Robbins, bring this action for negligence against Defendant, Greyhound Lines, Inc., for injuries sustained while a passenger on a Greyhound bus. Plaintiff seeks damages in excess of 150,000 dollars plus costs.

Defendant, Greyhound Lines, Inc., have filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, this Motion will be GRANTED in part and DENIED in part.

**II.     Background**

Plaintiff alleges that on February 21, 2008, she was a legal passenger on a certain Greyhound Bus. She alleges that the bus driver attempted to place a piece of luggage in the overhead compartment and suddenly the compartment, a portion of the compartment, or the contents of the compartment fell directly onto Plaintiff's head and body, causing severe and permanent injury. (Compl. ¶ 9.) Plaintiff's alleged injuries include a broken neck, C-7 Vertebral

Fracture, C-1 Vertebral Injury, Acute C5-C6 Cervical Disc Herniation with related radiculopathy, shoulder strain and sprain, post-traumatic injuries, aches and pains, mental anxiety and anguish, and severe shock.  (Compl. ¶ 13.)  Her alleged damages include medical and treatment expenses, lost earnings, serious and/or permanent loss of bodily function, loss of life's enjoyment, and pain and suffering.  (Compl. ¶ 14-19.)

Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) on July 23, 2008, limited to the following grounds: (1) Plaintiff's claim for punitive damages is not adequately supported by allegations of fact showing intentional, reckless or malicious conduct, which are required for punitive damages; (2) Plaintiff has not pled sufficient facts to support her claim for res ipsa loquitor because she has not eliminated that other causes outside of Defendant's negligence could have caused her injury; and (3) Plaintiff's allegations are vague and ambiguous and therefore Paragraph 10, subsections (a), (d), (h), (j), and (m) should be stricken and re-pled with a more definite statement.

Plaintiff does not oppose grounds (1) and (3) of Defendant's motion.  However, she does oppose ground (2), the ground to dismiss the claim of res ipsa loquitor.

### III.  Jurisdiction

Jurisdiction is proper under 28 U.S.C.A. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00.  Plaintiff alleges that she is a citizen of Pennsylvania and Defendant is a citizen of Texas.  (Compl. ¶ 1-2.)

### IV.  Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint, a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 n. 3 (2007)).

**V.     Discussion**

    **A.     Motion to Dismiss Punitive Damages Claim**

Because Plaintiff is not opposing Defendant's Motion to Dismiss Plaintiff's claims for punitive damages, this Court will grant Defendant's Motion on this claim without prejudice.

    **B.     Motion to Dismiss Res Ipsa Loquitor Claim**

Res ipsa loquitor is a doctrine by which a tort victim can prevail in a negligence action without direct evidence of the defendant's negligence. It allows the plaintiff to satisfy her burden of producing evidence of defendant's negligence by showing that the injury is the sort that normally would not occur in the absence of defendant's negligence. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006) (citing William L. Prosser, Law of Torts §§ 39, 40 (4th ed. 1971)). To satisfy the elements of res ipsa loquitor, the Plaintiff must show:

    (a) the event is of a kind which ordinarily does not occur in the absence of negligence;

>   (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
>   (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Quinby, 907 A.2d at 1071 (citing Restatement (Second) of Torts § 328D).  Defendant argues that the Plaintiff has not pled sufficient facts to meet prong (b) of the test.[1]

Defendant's argument has no merit.[2]  In Pennsylvania, res ipsa loquitor is a rule of evidence, not a specific claim.  Banks v. Ashland Oil Co., 127 F.Supp.2d 679, 682 (E.D. Pa. 2001) (citing D'Ardenne v. Strawbridge & Clothier, 712 A.2d 318, 320 (Pa.Super. 1998)).  Because it is a rule of evidence, the Third Circuit has said res ipsa loquitor does not have "to be pleaded in the complaint or 'noticed' by specific designation to the adverse party at pre-trial or at trial, since it is neither a cause of action nor a ground for recovery, nor an 'issue.'"  Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir. 1963).  Federal courts' liberal pleading standards do not preclude a party from referencing res ipsa loquitor in his or her negligence claim, but they do not require it.  Banks, 127 F.Supp.2d at 682.  As such, Plaintiff does not have to plead facts sufficient to establish each element of res ipsa loquitor.  Defendant's Motion to Dismiss the reference to res ipsa loquitor in Plaintiff's Complaint due to insufficient pleadings is denied.

### C.    Motion to Strike Certain Portions of Plaintiff's Complaint

Because Plaintiff is not opposing Defendant's Motion to strike Paragraph 10, subsections

---

[1] In her Complaint ¶ 12, Plaintiff pleaded that she "in no manner contributed to her injuries which were the direct and proximate result of the defendants' own negligence and/or carelessness."  However, she did not plead that other possible causes can be eliminated.

[2] The Court is aware of the cases pertaining to the elements of res ipsa loquitor cited by Defendant, including Neve v. Insalaco's, 771 A.2d 786 (Pa.Super. 2001) and Lonsdale v. Joseph Horne Co., 587 A.2d 810 (Pa.Super. 1991).  However all of the cited cases addressed res ipsa loquitor once the cases had progressed to trial, not in the context of a Motion to Dismiss.  Therefore, they are not relevant to the issue before this Court.

(a), (d), (h), (j), and (m), this Court will grant Defendant's Motion to strike these paragraphs.

### VI.     Conclusion

For the foregoing reasons, Defendant Greyhound Lines, Inc.'s Motion to Dismiss is GRANTED in part and DENIED in part.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA ROBBINS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GREYHOUND LINES, INC. | : | NO. 08-2724 |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 7th day of October, 2008, it is hereby ORDERED that Defendant Greyhound Lines, Inc.'s Partial Motion to Dismiss (Doc. No. 7) pursuant to Federal Rule of Procedure 12(b)(6) is GRANTED in part and DENIED in part as follows:

(i) Plaintiff's Claims for Punitive Damages in Paragraph 10 are DISMISSED without prejudice;

(ii) Defendant's Motion to Dismiss Plaintiff's claim for Res Ipsa Loquitor is DENIED;

(iii) Paragraph 10, subsections (a), (d), (h), (j), and (m) are STRICKEN from Plaintiff's Complaint.

BY THE COURT:

S/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-2724 Robbins v. Greyhound\Memo re MTD.wpd